# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| Jesus Rocha Morales, | Civil Action No.: 7:18-cv-177 |
| Plaintiff, | |
| v. | |
| Alpha Recovery Corp., | **COMPLAINT** <br> **JURY** |
| Defendant. | |

For this Complaint, Plaintiff, Jesus Rocha Morales, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Jesus Rocha Morales ("Plaintiff"), is an adult individual residing in Mission, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Alpha Recovery Corp. ("Alpha"), is a Colorado business entity with an address of 5660 Greenwood Plaza Boulevard, Suite 101, Greenwood Village, Colorado 80111-2417, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to Alpha for collection, or Alpha was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Alpha Engages in Harassment and Abusive Tactics**

9.     On or about December 13, 2017, Alpha called Plaintiff in an attempt to collect the Debt.

10.     During this conversation, Alpha threatened to take a legal action against Plaintiff if the Debt was not paid immediately.

11.     Alpha's threat of legal action during the initial conversation overshadowed Plaintiff's right to dispute the Debt.

12.     In addition, to date Alpha has not initiated legal action against Plaintiff.

13.     After Plaintiff's initial conversation with Alpha, Alpha also called Plaintiff five (5) times within one hour.

**C.     Plaintiff Suffered Actual Damages**

14.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

15. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

19. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and legal status of the Debt.

21. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

22. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24. Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute the within thirty (30) days.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 8, 2018

Respectfully submitted,

By: /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424